# Order

Michigan Supreme Court
Lansing, Michigan

January 15, 2010

Marilyn Kelly,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman
Diane M. Hathaway,
Justices

139102

PEOPLE OF THE STATE OF MICHIGAN,
          Plaintiff-Appellee,

v

                                        SC: 139102
                                        COA: 285162
                                        Midland CC: 07-003169-FH

JOSEPH RYAN KADLEK,
          Defendant-Appellant.

_____/

On order of the Court, the application for leave to appeal the June 2, 2009 judgment of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.

KELLY, C.J. (*dissenting*).

I respectfully dissent from the Court's order denying defendant's application for leave to appeal. Because the prosecutor undeniably failed to comply with the statutory notice requirements for seeking a habitual offender enhancement, I would vacate defendant's sentence and remand for resentencing without the enhancement.

The facts of this case are straightforward and not in dispute. Defendant fled from police to avoid being arrested for drunk driving and driving with a suspended license (DWLS). He was charged with third-degree fleeing and eluding, third-offense operating while intoxicated, resisting and obstructing a police officer, DWLS, and with being a habitual fourth offender. Defendant waived his right to a preliminary examination and waived reading of the Information. Defense counsel sought to quash the habitual offender enhancement because service of it was not made on defendant and proof of service was not filed with the court clerk. The trial court denied the motion to quash.

Defendant later pled guilty to fleeing and eluding a police officer and third-offense operating while intoxicated as a third habitual offender. In exchange, the prosecutor dismissed the DWLS, the resisting and obstructing charges, and the habitual fourth enhancement. The plea agreement allowed defendant to challenge the propriety of

the habitual offender notice.  The trial court sentenced defendant to concurrent terms of 3 to 10 years.

On appeal, defendant argued that the prosecutor violated the statutory notice requirements of MCL 769.13 when seeking the habitual offender enhancement.  In a split unpublished opinion, the Court of Appeals rejected the argument and affirmed defendant's convictions and sentences.

In his application to this Court, defendant again challenges the validity of his sentences.  Specifically, he claims that the trial court should have vacated the habitual offender enhancement because the prosecutor failed to comply with all of the requirements of MCL 769.13.  That statute provides, in pertinent part:

> (1) In a criminal action, the prosecuting attorney may seek to enhance the sentence of the defendant . . . by filing a written notice of his or her intent to do so within 21 days after the defendant's arraignment on the information charging the underlying offense or, if arraignment is waived, within 21 days after the filing of the information charging the underlying offense.

> (2) A notice of intent to seek an enhanced sentence filed under subsection (1) shall list the prior conviction or convictions that will or may be relied upon for purposes of sentence enhancement.  The notice *shall be filed with the court and served upon the defendant or his or her attorney within the time provided in subsection (1).*  The notice may be personally served upon the defendant or his or her attorney at the arraignment on the information charging the underlying offense, or may be served in the manner provided by law or court rule for service of written pleadings.  *The prosecuting attorney shall file a written proof of service with the clerk of the court.*

> (3) The prosecuting attorney may file notice of intent to seek an enhanced sentence after the defendant has been convicted of the underlying offense or a lesser offense upon his or her plea of guilty or nolo contendere if the defendant pleads guilty or nolo contendere at the arraignment on the information charging the underlying offense, or within the time allowed for filing of the notice under subsection (1).  [Emphasis added.]

There is no claim in this case that the prosecutor complied with MCL 769.13(2) regarding service of the habitual offender enhancement notice.  The prosecutor concedes that the notice of intent was never personally served on defendant or his attorney.  Nor did the prosecutor file proof of service with the clerk of the court.

3

Nevertheless, this Court has denied defendant's application for leave to appeal, effectively sanctioning a blatant statutory violation. The language of MCL 769.13(2) is not permissive. Rather, it is mandatory. The prosecutor must serve a defendant with notice of a habitual offender enhancement and must file written proof of such service with the clerk of the court. Thus, the Legislature evinced its intent to require both filing of the notice and service of that notice, presumably to deter any oversight by the prosecutor in this regard.

The Court of Appeals majority held that the prosecutor's failure to comply with MCL 769.13(2) was harmless error. I disagree. Defendant was likely aware that the prosecutor was seeking enhancement of his sentence. But one cannot ignore that the Legislature devoted an entire subsection of the statute, using mandatory language, to requiring service of notice upon a defendant and proof of that notice with the clerk of the court. There must be consequences for failure to comply with the Legislature's mandates. In this case, the consequence should be resentencing without a habitual offender enhancement. By allowing defendant's sentences to stand, this Court undermines the Legislature's express will and writes subsection (2) out of the statute.

For these reasons, I would vacate defendant's sentence and remand for resentencing without the habitual offender enhancement.

3



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

January 15, 2010

_____
Clerk

y0112